IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,258 & AP-75,259 






EX PARTE ANTHONY JAMES ROGERS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 878,691 & 878,690 IN THE 338TH DISTRICT COURT 

OF HARRIS COUNTY





 Per curiam.

O P I N I O N





 These are post-conviction applications for writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of two felony
offenses of injury to a child, and punishment was assessed at imprisonment for sixty years
and seventy-five years. Applicant appealed, and his convictions were affirmed. Rogers v.
State, Nos. 14-01-00950-CR & 14-01-00951-CR (Tex. App. -- Houston [14th Dist.],
delivered November 7, 2002, pet. ref'd, untimely filed).

 Applicant contends that he was effectively denied the opportunity to timely file a
petition for discretionary review because his appellate attorney did not file a petition for
discretionary review in a timely manner. The trial court, based upon an affidavit from
appellate counsel, found that trial counsel failed to timely file a petition for discretionary
review on Applicant's behalf. The record reflects that the Applicant's constitutional rights
were violated by counsel's failure to file a petition for discretionary review in a timely
manner.

 Habeas corpus relief is granted, and Applicant is granted leave to file an out-of-time
petition for discretionary review from his convictions in cause numbers 878,691 & 878,690
from the 338th Judicial District Court of Harris County. Applicant is ordered returned to the
point at which he can file meaningful petitions for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petitions are filed in the Court of Appeals within thirty days of the date the
mandate of this Court has issued.

 

DELIVERED: OCTOBER 5, 2005

DO NOT PUBLISH